UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD ZIEGLER | CIVIL ACTION |
| VERSUS | NO.  14-612 |
| BOH BROTHERS CONSTRUCTION COMPANY, L.L.C. | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment (Rec. Doc. 24) filed by Defendant Boh Bros. Construction Co., LLC.  Having carefully considered the parties' supporting and opposing submissions,[1] and applicable law, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff's claims arise from an injury allegedly suffered, on or about October 28 or 29, 2013,[2] when he fell while attempting to board one of Defendant's crew boats.  With its motion for summary judgment, Defendant contends that Plaintiff's claims necessarily lack merit because he does not a qualify as a  "seaman" as is required for him to prevail on his Jones Act and maintenance and cure claims.  Citing the time he spent operating vessels during his employment, Plaintiff argues the contrary.

---

[1]     See Rec. Docs. 24-1, 27, 31, 46, 47, 50, 53 and 56.

[2]     The parties' submissions reference both dates.

**LAW AND ANALYSIS**

**I. Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and

draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. **Application of Legal Principles**

The Court finds the explication and analysis of seaman status set forth in *Martin v. Fab-Con, Inc.*, 7 F. Supp. 3d 645 (E.D. La. 2014), both comprehensive and instructive regarding the issue of seaman status. There, in granting summary judgment in the defendant's favor, Judge Sarah Vance explained:

> "The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.' " *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354[] (1995) (citing 46 App. U.S.C. § 688); see also *Becker v. Tidewater,* 335 F.3d 376, 386 (5th Cir. 2003). The term "seaman" is not defined in the Jones Act. *Chandris*, 515 U.S. at 355[.] The Supreme Court has instructed that not every "maritime worker on a ship at sea as part of his employment is automatically a member of the crew of the vessel within the meaning of the statutory terms." *Id.* at 363[.] Instead, to achieve status as a seaman, an employee must show (1) that his duties contributed to the function of a navigable vessel or the accomplishment of its mission; and (2) that he had a connection to a vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and its nature. *Id.* at 368[.]; *Becker*, 335 F.3d at 387. The purpose of this test is to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Chandris*, 515 U.S. at 368[.] Importantly, the Supreme Court has explicitly rejected a "voyage test," under which "anyone working on board a vessel for the duration of a 'voyage' in furtherance of the vessel's mission has the necessary employment-related connection to qualify as a seaman." *Becker*, 335 F.3d at 388 (quoting *Chandris*, 515 U.S. at 358[]); see also *Chandris*, 515 U.S. at 361[] ("Land-based maritime workers do not become seamen because they happen to be working on board a vessel when they are injured . . . ."); *id.* at 363[.]
>
> Whether a person is a seaman is ordinarily a question of fact for the jury. *Becker*, 335 F.3d at 386; *Ellender v. Kiva Const. & Eng'g, Inc.,* 909 F.2d 803, 805 (5th Cir.1990). But "summary judgment is appropriate where 'the facts establish [the lack of seaman status] beyond a question as a matter of law' and no reasonable evidentiary basis exists to support a jury finding that the injured person is a seaman." *Ellender*, 909 F.2d at 805-06 (alteration in

original) (quoting *Barrett v. Chevron U.S.A., Inc.*, 781 F.2d 1067, 1074 (5th Cir.1986)); accord *Becker*, 335 F.3d at 386.

[Defendant ]Fab–Con has established as a matter of law that plaintiff lacked a substantial connection to the UNITY in terms of duration. To assess the temporal element of the seaman status test, the Supreme Court has adopted a rule of thumb: "A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Chandris*, 515 U.S. at 371[.] According to [his] supervisor, plaintiff spent only six days of his employment with Fab–Con engaged in seaman's work on board the UNITY; the other 195 days were spent working on fixed platforms. Plaintiff has presented no evidence tending to contradict this account. Thus, assuming without deciding that the UNITY is a "vessel," plaintiff spent less than three percent of his time working for Fab–Con on board a vessel. True, plaintiff's testimony suggests that he spent time on vessels sleeping and traveling to platforms. But that time does not figure into the analysis because it was not spent "in the service of a vessel in navigation." See, e.g., *Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 347 (5th Cir.1999) (holding that the time plaintiff "ate, slept, and spent time" on vessel could not be considered in the substantial connection analysis); *Williams v. Danos & Curole Mar. Contractors, LLC,* 797 F. Supp. 2d 712, 717 (E.D. La. 2011) (same).

Plaintiff argues that a departure from the thirty percent test is warranted here because [his] seaman status changed when he was reassigned to the UNITY to work as a galley hand. In support of this argument, plaintiff cites *Chandris* for the proposition that "[w]hen a maritime worker's basic assignment changes, his seaman status may change as well."

The Court is not persuaded. The Fifth Circuit has held that, in order for this exception to the thirty percent test to apply, the reassignment must be permanent. *Becker*, 335 F.3d at 390. In *Becker*, the Fifth Circuit considered whether an engineering intern who had been assigned to work a temporary hitch as a member of the crew of the technological vessel REPUBLIC TIDE was a Jones Act seaman. The court held that he was not, because "the mere fact that [he] was ordered to work a crew position aboard the REPUBLIC TIDE [was] not sufficient as a matter of law to establish a substantial connection to that vessel, absent evidence that his essential duties as an intern had changed." *Id*. at 391.

The same conclusion is appropriate here. There is no evidence that the nature of Martin's employment was "permanently changed or that his that his essential duties . . . had been altered by his assignment to the [UNITY]." *Id*. Instead, the evidence indicates that "plaintiff's position on the [UNITY] arose by happenstance," id., when plaintiff was unable to obtain sufficient hours working on fixed platforms and asked Nguyen for extra work.[] In other words, plaintiff's work aboard the UNITY was only temporary; it did "not constitute the kind of regular or continuous commitment of his labor to the service of that vessel that regularly exposed him to the perils of the sea within the meaning of *Chandris*." *Id*.; see also *Smith v. Nicklos Drilling Co.,* 841 F.2d 598, 600 (5th Cir.1988) (for purposes of the Jones Act, a "permanent" assignment is one that is " 'for an indefinite period' – not temporary").

[][P]laintiff did not contradict Nguyen's testimony that the job for Apache was to conclude on December 10, 2012, at the end of plaintiff's seven-day hitch on the UNITY. Accordingly, there is no evidence in the record suggesting plaintiff's position as a galley hand on the UNITY was intended to last "for an indefinite period," *Smith*, 841 F.2d at 600. Instead, it is clear that plaintiff's work on the UNITY would have ended on December 10, 2012, at the conclusion of the Apache job. A jury faced with this record could reach only one reasonable conclusion: plaintiff's assignment to the UNITY was not a permanent and "fundamental change in status" that made him a Jones Act seaman. See, e.g., *George v. Cal–Dive Int'l, Inc.*, Civil Action No. 09–5472, 2010 WL 2696876, at *1, 6 (E.D. La. July 1, 2010) (finding that plaintiff who was injured on board a vessel where he had been working for 12 days was not a Jones Act seaman as a matter of law because he did not "expect permanent or prolonged placement with any particular vessel or identifiable group of vessels under common ownership or control"); *Nicole v. Southstar Indus. Contractors*, No. Civ. A. 03-1432, 2004 WL 936848, at *1-2 (E.D. La. Apr. 29, 2004) (finding that plaintiff who had been injured on board a vessel was not a Jones Act seaman as a matter of law because "his time aboard th[e] vessel was limited to approximately a seven week refurbishing project," and there was no evidence suggesting that he had an ongoing connection to that vessel or any other); cf. *Wilcox v. Welders*, Civil Action No. 12–2389, 969 F. Supp. 2d 668, 679, 2013 WL 4591162, at *7 (E.D. La. Aug. 28, 2013) ("The Fifth Circuit has rejected claims of seaman status as a matter of law in numerous cases in which temporary offshore workers . . . claimed that they were permanently reassigned for a discrete voyage in which their essential duties did not change." (collecting cases)).

6

*Martin*, 7 F. Supp. 3d at 648-51.

Resolution of Defendant's motion turns on the second component of seaman status, i.e., whether Plaintiff has put forth sufficient Rule 56 evidence to demonstrate the existence of a genuine dispute relative to the threshold issue of whether he had a connection to a vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and its nature.[3] Applying the foregoing legal principles here, the Court finds that Defendant has met its burden, under Rule 56(a) and (c), of demonstrating that the submitted record evidence contains insufficient proof of Plaintiff' claims, and that Defendant is entitled to judgment as matter of law as to those claims.  On the other hand, Plaintiff has not satisfied his burden, under Rule 56(c), of citing to particular record documents demonstrating the existence of a genuine dispute as to material facts.

Specifically, as stated above, the Supreme Court has adopted a rule of thumb that: "A worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Chandris*, 515 U.S. at 371.  Here, following a review of Plaintiff's detailed payroll records,[4] Plaintiff's supervisors have quantified his work, during his employment by Defendant, as being 92.75% land-based operations and 7.25% vessel operations.[5] Although Plaintiff contends that the actual percentages should be much more heavily weighed in favor of vessel operations, and contends that Defendant's representatives "manipulate" payroll

---

[3] For purposes of this motion, the Court assumes, but not decide, whether sufficient evidence exits relative to the issues of whether Plaintiff's duties contributed to the function of a *navigable* vessel or the accomplishment of its mission..

[4] The records are in the form of payroll reports identifying, for each day of Plaintiff's employment, the particular overall project to which Plaintiff was assigned that day, the number of hours he worked, and, accordingly to Defendant's representatives, the type of work (land-based v. vessel operations) that he did.  See Rec. Docs. 24-1, 24-4, 24-5, 24-6, 24-7, 46, 53, and 53-1.

[5] See Rec. Doc. 24-1, p. 3;  Rec. Doc. 24-4, 24-5, 24-6, 24-7, 46, 53, and 53-1.

codes" as they see fit,"[6] the only evidence that he offers in support of his contentions is his own uncorroborated and conclusory testimony.

Although the Court certainly recognizes that, in certain factual scenarios, the only supporting evidence reasonably available to a plaintiff is his own testimony, such that his uncorroborated testimony may alone be enough to satisfy his Rule 56 burden, the Court is not persuaded that this is one of those cases. Rather, given the nature of Defendant's work and Plaintiff's involvement in that work, a number of potential evidentiary sources presumably are available to Plaintiff.

For instance, the parties' submissions reveal that Plaintiff's work usually involved the participation, in some fashion, of other of Defendant's employees. Nevertheless, Plaintiff offers no supporting testimony from former co-employees relative to the type of work (land operations versus vessel operations) that Defendant's projects involved and/or that person's observations or personal knowledge of Plaintiff's particular role in those projects. Plaintiff also offers no testimony from friends or family or anyone else relative to that person's understanding of Plaintiff's work duties, or other pertinent evidence from third-party sources, including Defendant's clients served by the projects on which Plaintiff worked, regarding the tasks necessitated by those projects.

Nor, significantly, has Plaintiff contended that Defendant refused to produce discoverable evidence to him or otherwise thwarted his discovery efforts. Indeed, it is not apparent to the Court that Plaintiff sought to depose either of his former supervisors who have attested to the nature and quantity of his employment tasks.

---

[6] See Rec. Doc. 47, p.1

Finally, although an exception exists to the 30 percent rule when a worker's basic assignmentpermanently changes, no evidence supporting the notion that Plaintiff's job duties had permanently changed from primarily land-based work to primarily vessel-based work as of the time of Plaintiff's accident. Accordingly, on the showing made, Plaintiff's Jones Act claims fail. And because the same standard applies to seaman claims for maintenance and cure, those claims likewise fail. *Martin*, 7 F. Supp. 3d at 651.

For the foregoing reasons, the Court finds Defendant's motion for summary judgment meritorious. Accordingly, Plaintiff's claims against Defendant are dismissed with prejudice.

New Orleans, Louisiana, this 17th day of June 2015.

_____
**KURT D. ENGELHARDT**
**United States District Judge**